AMY, J.,
dissenting.
| ¡The majority reverses the trial court’s judgment terminating the parental rights of S.B., finding that the State failed to prove grounds for termination of S.B.’s parental rights under La.Ch.Code art. 1015(5). I respectfully dissent as I find the evidence supports the trial court’s judgment.
The trial court heard testimony from several witnesses who opined that H.A.B. should not be returned to his mother. Dr. Alfred E. Buxton opined that because the State could not realistically provide the type of intensive services that S.B. would need in order to provide H.B. with a stable environment, H.B. should not be returned to his mother. Dr. Lawrence S. Dilks agreed that H.B. should not be returned to his mother, reasoning that S.B.’s history of failing to change her behavior after being afforded opportunities, demonstrates an inability on her part to ever actually change that behavior.
Louisiana Children’s Code Article 1086(C) provides several factors which can evidence a parent’s lack of compliance with a case plan under La.Ch.Code art. 1015(5). My review of the record, especially review of the expert testimony, reveals that S.B.’s lack of compliance with the case plan is evidenced by “lack of substantial improvement in redressing the problems preventing reunification” and “persistence of conditions that led to removal or similar potentially harmful conditions.” La.Ch.Code art. 1036(C)(6) and (7).
[2The majority finds that trial court erred in finding grounds for termination, but notes that reunification may not appropriate at this time. Admittedly, the State’s primary goal in the child in need of care process is reunification; however, if reunification is not possible, termination is appropriate. State ex rel J.M., 02-2089 (La.1/28/03), 837 So.2d 1247. “Certainly, children have a need for permanency. Forcing children to remain in foster care indefinitely, when there is no hope of reuniting them with their families, runs afoul *1176 of the state and federal mandates to further the best interests of the child.” Id. at 1257. The record indicates that S.B. has a history of State intervention involving the rearing of H.B. since 2005. Further, the expert testimony supports that S.B. will be unable to care for the child unless there is indefinite State intervention and monitoring. Accordingly, I find that the record supports the trial court’s determination that termination of S.B.’s parental rights is appropriate.
For these reasons, I find that an affirmation is warranted.